UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QIU HUA TAN, GUANG WEN CHEN,
and LIANG XU, Individually and On Behalf
of All Others Similarly Situated,

                    Plaintiffs,

      -against-

VOYAGE EXPRESS INC., TIME EXPRESS
SERVICE INC., LONGTEN
INTERNATIONAL, INC., YU SONG WANG,
and JOHN DOE and JANE DOE # 1-10,

                    Defendants.
------------------------------------------------------------X

*5/25/17*
*No objections filed & adopt the recommendation without qualification + thereof grant the motion and direct entry of judgment as recommended.*
*So ordered*
*S/ Raymond J/ Dearie*

REPORT AND
RECOMMENDATION

15 CV 6202 (RJD) (RML)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ **MAY 25 2017** ★

**BROOKLYN OFFICE**

LEVY, United States Magistrate Judge:

        Plaintiffs Qiu Hua Tan ("Tan"), Guang Wen Chen ("Chen"), and Liang Xu

("Xu") (collectively, "plaintiffs") commenced this wage and hour action individually and on

behalf of all others similarly situated on October 28, 2015 against defendants Voyage Express

Inc. ("Voyage Express"), Time Express Service Inc. ("Time Express"), Longten International,

Inc. ("Longten") (collectively, the "Corporate Defendants"), and Yu Song Wang ("Wang")

(collectively, "defendants").[1] (See Complaint, dated Oct. 28, 2015; Amended Complaint, dated

Oct. 30, 2015 ("Am. Compl.") (adding defendant Longten).) On August 27, 2016, plaintiffs

moved for default judgment (see Motion for Default Judgment, dated Aug. 26, 2016 ("Pls.'

Mot.")), which the Honorable Raymond J. Dearie, United States District Judge, referred to me on

October 27, 2016 (see Order, dated Oct. 27, 2016). After an adjournment, the court held an

---

[1] The amended complaint also names John Doe and Jane Doe defendants # 1 through 10. (See Am. Compl.) However, plaintiffs have not moved to dismiss or substitute those defendants.

inquest hearing on February 27, 2017, at which plaintiffs testified through a sworn interpreter. (See Transcript of Feb. 27, 2017 Evidentiary Hearing, filed Mar. 21, 2017 ("Tr.").)

For the reasons explained below, I respectfully recommend that plaintiffs' motion for default judgment be granted in part and denied in part. With respect to damages, I respectfully recommend that Tan be awarded $20,899.68, consisting of $5,449.84 in unpaid wages, $5,449.84 in liquidated damages, and $10,000 in statutory penalties for defendants' wage notice and wage statement violations. I also recommend that Tan be awarded prejudgment interest at the statutory rate of nine percent per annum on his unpaid wages of $5,449.84 from May 26, 2015 through the date of the entry of judgment. As for Chen, I respectfully recommend that Chen be awarded $22,690, consisting of $6,345 in unpaid wages, $6,345 in liquidated damages, and $10,000 in statutory penalties for defendants' wage notice and wage statement violations. I further recommend that Chen be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $6,345 from May 25, 2015 through the date on which judgment is entered. As for Xu, I respectfully recommend that Xu be awarded $25,888, consisting of $7,944 in unpaid wages, $7,944 in liquidated damages, and $10,000 in statutory penalties for defendants' wage notice and wage statement violations. I further recommend that Xu be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $7,944 from May 2, 2015 through the date on which judgment is entered. Finally, I respectfully recommend that plaintiffs be jointly awarded $8,820 in attorney's fees, $512.25 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961.

Plaintiffs assert claims for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and New York Labor Law ("NYLL").[2] (See Am. Compl. ¶¶ 66-99.) Through this action, plaintiffs seek recovery of, inter alia, unpaid minimum wages, overtime compensation, spread-of-hours premiums, and statutory penalties for defendants' alleged failure to provide proper wage notices at the time of hiring and wage statements with every payment of wages. (See id.)

According to the amended complaint, defendants own and operate a business located at 114-02 15th Avenue in College Point, New York that provides courier services between the United States and China. (Id. ¶¶ 10-11.) Each of the Corporate Defendants is allegedly located at this address. (Id. ¶ 14; see also Tr. at 18.) Plaintiffs allege that the individual defendant, Wang, is the owner, officer, director and/or managing agent of the Corporate Defendants, and that he participated in the day-to-day operations of the business. (Am. Compl. ¶ 14.) Plaintiffs further allege that Wang paid them, and that Wang was "the boss" who was responsible for supervising them and setting their hours. (See Am. Compl. ¶ 22; Tr. at 9, 12-13, 17).

As set forth in the amended complaint, Tan was employed by defendants as a packaging assistant from March 4, 2015 to August 15, 2015. (Am. Compl. ¶ 24.) Chen alleges that he was employed by defendants as a packaging assistant from February 16, 2015 to August 29, 2015. (Id. ¶ 28.) Finally, Xu alleges that he was employed by defendants as an office clerk from January 5, 2015 to August 25, 2015. (Id. ¶ 32.) In sum, the amended complaint sets forth

---

[2] Plaintiffs' amended complaint also includes a cause of action brought pursuant to New York General Business Law § 349. (See Am. Compl. ¶¶ 100-103.) At the inquest hearing, plaintiffs' counsel indicated that plaintiffs do not wish to pursue this claim. (See Tr. at 22.)

detailed allegations as to each plaintiff's purportedly inadequate wages and their respective work schedules. (See id. ¶¶ 25-27, 29-31, 33-35.)

Despite proper service, defendants have failed to appear in the action and thus have not answered or otherwise responded to the amended complaint. (See Affidavits of Service of Maria Mihalios, sworn to Nov. 9, 2015; Affirmation of Jian Hang, Esq. in Support of Request for Certificate of Default, dated Apr. 22, 2016, Dkt. No. 14-1.) Defendants were also served with plaintiffs' motion papers and notice of the inquest hearing but did not respond. (See Certificate of Service of Jian Hang, Esq., dated Aug. 27, 2016, Dkt. No. 18-16; Certificate of Service of Phillip Kim, Esq., dated Jan. 10, 2017.)

On May 16, 2016, the Clerk of the Court entered a certificate of default against defendants. (See Clerk's Entry of Default, dated May 16, 2016.) Plaintiffs submitted the instant motion on August 27, 2016. (See Pls.' Mot.) Appended to the motion are plaintiffs' declarations. (See Declaration of Qiu Han Tan, dated Aug. 24, 2016 ("Tan Decl."), Dkt. No. 18-4; Declaration of Guang Wen Chen, dated Aug. 24, 2016 ("Chen Decl."), Dkt. No. 18-5; Declaration of Liang Xu, dated Aug. 24, 2016 ("Xu Decl."), Dkt. No. 18-6.) Judge Dearie subsequently referred the motion to me and I held an inquest hearing on February 27, 2017. (See Order, dated Oct. 27, 2016; Tr.)

## DISCUSSION

### A. Legal Standard

A party's default "is deemed to constitute a concession of all well pleaded allegations of liability. . . ." Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (E.D.N.Y. 1992) (citation omitted). Nevertheless, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations . . . establish the defendant's liability on each

4

asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases). A party's default "is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citations omitted). "If the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" Gunawan, 897 F. Supp. 2d at 83 (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). In this inquiry, plaintiffs are entitled to all reasonable inferences from the evidence they offer. See Jemine v. Dennis, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012).

### B. Liability

#### 1. FLSA

Regulations promulgated under the FLSA expressly recognize that an employee may be jointly employed by two or more employers. See 29 C.F.R. § 791.2. "It is common ground that courts, in determining whether an employment relationship exists for purposes of the FLSA, must evaluate the 'economic reality' of the relationship." Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984); see also Zheng v. Liberty Apparel Co., 355 F.3d 61, 71-72 (2d Cir. 2003). The economic reality test involves inquiries into whether the putative employer had either formal or functional control over the employee. See Lopez v. Pio Pio NYC, Inc., No. 13 CV 4490, 2014 WL 1979930, at *2 (S.D.N.Y. May 15, 2014).

Factors that are considered to evaluate formal control include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter, 735 F.2d at 12. "Factors that suggest functional control include (1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint

5

employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." Lopez, 2014 WL 1979930, at *2 (internal quotation marks and citation omitted); see also Zheng, 355 F.3d 61, 71-72 (2d Cir. 2003).

In this case, plaintiffs allege, inter alia, that during the relevant time period Wang was the owner, officer, director and/or managing agent of the Corporate Defendants and that defendants owned and operated a business providing courier services between the United States and China. (See Am. Compl. ¶¶ 10, 14; see also id. ¶ 21 (the "manager/owner was always [ ] Wang").) Plaintiffs allege that their work as packaging assistants and an office clerk was essential to defendants' business. (Id. ¶ 16.) Plaintiffs further allege that the Corporate Defendants shared an address (id. ¶ 14), and both Time Express and Longten purportedly issued plaintiffs paychecks (see Tr. at 19-20). Plaintiffs also allege that Wang participated in the day-to-day operations of the business (Am. Compl. ¶ 14), and identified him as "the boss" who was responsible for supervising them and setting their hours (Tr. at 9, 12-13, 17). In sum, I find plaintiffs' uncontroverted allegations sufficient to hold defendants jointly and severally liable as joint employers under the statute.[3]

### 2. NYLL

The NYLL mirrors the FLSA in most aspects, including its wage and overtime compensation provisions. Jemine, 901 F. Supp. 2d at 375; see also Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) ("Courts have interpreted the

---

[3] I further find that plaintiffs have adequately alleged that defendants were an "enterprise engaged in interstate commerce." See 29 U.S.C. § 203(s)(1); id. § 203(r); (Am. Compl. ¶ 13).

definition of employer under the NYLL coextensively with the definition used by the FLSA.")
(internal marks and citation omitted) (collecting cases). Thus, I find that plaintiffs' allegations
sufficiently establish defendants' liability under the NYLL's minimum wage and overtime
compensation provisions.[4] See N.Y. LAB. LAW § 652; N.Y. COMP. CODES R. & REGS. tit. 12, §
142-2.2.

Plaintiffs also seek unpaid spread-of-hours premiums under the NYLL. (See Am.
Compl. ¶¶ 90-92.) N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 prescribes that "[a]n
employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the
minimum wage required in this Part for any day in which [ ] the spread of hours exceeds 10
hours." N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4. Although plaintiffs assert that they
worked shifts in excess of ten hours, the weight of authority in this Circuit holds that "[a]
limitation upon a plaintiff's eligibility to recover for spread-of-hours pay is that the plaintiff not
earn more than the minimum wage." Luna v. Gon Way Constr., No. 16 CV 1411, 2017 WL
835321, at *11 (E.D.N.Y. Feb. 14, 2017), report and recommendation adopted, 2017 WL 835174
(E.D.N.Y. Mar. 2, 2017); see also Leon v. Zita Chen, No. 16 CV 480, 2017 WL 1184149, at *7
(E.D.N.Y. Mar. 29, 2017) ("Courts, however, have given deference to the New York State
Department of Labor's interpretation that spread-of-hours does not apply to an employee whose
workday is in excess of ten hours if his or her total daily compensation exceeds the New York
State minimum wage multiplied by the number of hours he or she worked plus one additional
hour at the minimum wage"); Chen v. JP Standard Constr. Corp., No. 14 CV 1086, 2016 WL
2909966, at *7 (E.D.N.Y. Mar. 18, 2016), report and recommendation adopted, 2016 WL
2758272 (E.D.N.Y. May 12, 2016) ("In accordance with the clear weight of authority in this

---

[4] As explained below, however, only Tan is entitled to recover damages for unpaid minimum
wages during a discrete portion of his employment. (See infra at 9-12.)

Circuit, as well as all precedent in this District ruling on the issue, employees who earn in excess of the minimum wage are not entitled to spread-of-hours compensation."); Jenkins v. Hanac, Inc., 493 F. Supp. 2d 556, 558 (E.D.N.Y. 2007) (concurring with the interpretation that the spread-of-hours regulation does not ensure additional compensation to employees whose wages sufficiently exceed the minimum wage floor); but see Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 339 (S.D.N.Y. 2005).

As described in greater detail below, the record before me indicates that only Tan was paid less than the applicable minimum wage plus one additional hour at the minimum wage rate during a portion of his employment spanning from March 4, 2015 through May 26, 2015. (See Tr. at 14-15.) Accordingly, I find plaintiffs' spread-of-hours claim viable as to Tan during this portion of his employment. However, because the wages paid to Chen, Xu, and Tan post-May 27, 2015 adequately exceeded the minimum wage floor, I find that plaintiffs cannot recover on these claims.

Plaintiffs further allege that defendants withheld earned wages. Specifically, Tan alleges that defendants withheld $1,620 in earned wages (Am. Compl. ¶ 27; Tan Decl. ¶ 9), Chen alleges withheld wages of $4,385 (id. ¶ 31; Chen Decl. ¶ 7), and Xu alleges withheld wages of $4,710 (id. ¶ 35; Xu Decl. ¶ 7). NYLL § 191(d) provides that "clerical and other worker[s] shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." N.Y. Lab. Law § 191(d); see also id. § 191(a) (prescribing that "manual worker[s]" shall be paid weekly); Gonzales v. Gan Israel Pre-Sch., No. 12 CV 6304, 2014 WL 1011070, at *12-14 (E.D.N.Y. Mar. 14, 2014) (explaining that NYLL section 191 guarantees the timely payment of wages by employers, discussing the statutory categories of workers, and finding defendants

liable for withholding earned wages). Thus, I find defendants liable for failing to pay earned wages pursuant to NYLL § 191.[5] Finally, I find that plaintiffs have adequately alleged that defendants failed to provide proper wage notices at the time of hiring and wage statements with every payment of wages containing the information prescribed by NYLL sections 195(1) and 195(3). (See Am. Compl. ¶¶ 91-99.)

C. Damages

29 U.S.C. § 206 provides that subject employers shall pay the applicable minimum wage to covered employees. See 29 U.S.C. § 206; see also N.Y. LAB. LAW § 652. 29 U.S.C. § 207 provides that subject employers shall pay overtime wages at the rate of one and one-half times the covered employee's regular rate of pay for the hours worked in excess of forty during a workweek. See U.S.C. § 207; see also N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2. The federal minimum wage does not preempt the state minimum wage and a plaintiff may recover under whatever statute provides the highest measure of damages. Wicaksono v. XYZ 48 Corp., No. 10 CV 3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), report and recommendation adopted, 2011 WL 2038973 (S.D.N.Y. May 24, 2011). Throughout plaintiffs' respective employment periods, the New York State minimum wage was $8.75 per hour, see N.Y. LAB. LAW § 652, and the federal minimum wage was $7.25 per hour, see 29 U.S.C. § 206(a)(1). Thus, I employ the New York State minimum wage to calculate damages.

---

[5] Unlike Gonzales, plaintiffs here do not seek double recovery for the same unpaid wages. See Gonzales, 2014 WL 1011070, at *11 (explaining that plaintiffs may only recover under one statute for the same hours of unpaid wages). Instead, plaintiffs' claim for withheld earned wages alleges that defendants failed to pay the agreed upon compensation. The court's minimum wage, overtime, and spread-of-hours analysis assumes that plaintiffs were paid all wages at the agreed upon rates and examines the adequacy of those wages.

"Generally, an employee-plaintiff under the FLSA 'has the burden of proving that he performed work for which he was not properly compensated.'" Santillan v. Henao, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). However, under federal and state law the employer bears the burden of producing and maintaining records of employee "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c); see N.Y. LAB. LAW § 196-a(a). Defendants' default has deprived plaintiffs of access to such records and hindered plaintiffs' ability to prove damages. Under these circumstances, I credit plaintiffs' recollection and estimates regarding their employment, which are uncontested. See Gunawan, 897 F. Supp. 2d at 88; Santillan, 822 F. Supp. 2d at 294.

### 1. Unpaid Wages

### a. Tan

Tan testified that he was employed by defendants as a packaging assistant from March 4, 2015 to August 15, 2015. (Tr. at 13; Tan Decl. ¶ 2.) Tan testified that he typically worked six days per week, Monday through Saturday, but that on about ten occasions during his employment period he was also required to work Sundays. (Tr. at 14, 21-22.) Tan further testified that at least four days per week he worked a thirteen-hour shift, from 9:00 a.m. until about 10:00 p.m., and that on the remaining days he worked a nine-hour shift, from 9:00 a.m. to 6:00 p.m. (Id. at 14; Tan Decl. ¶ 3.) There is no evidence before me that plaintiffs received meal breaks.

As Tan explained at the hearing, from March 4, 2015 through May 26, 2015, a twelve-week period, he was paid $90 per day. (Tr. at 15.) Thus, for each of the six weeks where

10

Tan worked six days, excluding Sundays,[6] for a total of seventy hours per week, he was paid the equivalent of $7.71 an hour ($90 x 6 = $540. $540/ 70= $7.71). For the six weeks during this period when Tan worked seven days each week for a total of seventy-nine hours per week, he was paid the equivalent of $7.97 per hour ($90 x 7= $630. $630/ 79= $7.97).

As illustrated in calculations attached as footnotes to this report and recommendation, I find defendants liable to Tan for unpaid minimum wages in the amount of $806.52 for the period March 4, 2015 through May 26, 2015.[7] As to unpaid overtime compensation, during this period I find that Tan worked thirty hours of overtime for six of the weeks and thirty-nine hours of overtime for the other six weeks. Thus, I find that Tan is entitled to unpaid overtime compensation in the amount of $1,813.32.[8] Finally, as Tan testified that he worked at least four thirteen-hour shifts a week, and because Tan's wages during this portion of his employment did not sufficiently exceed the minimum wage floor, he is entitled to $420 in unpaid spread-of-hours premiums.[9]

Tan testified that from May 27, 2015 through August 15, 2015, he was paid $10 per hour for the first fifty-four hours he worked and $15 an hour for his hours in excess of fifty-

---

[6] I assume that Tan worked ten alternating Sundays beginning on 3/15/15 and ending on 7/19/15.

[7] Tan is owed $436.80 for the six seventy-hour weeks he worked from March 4 through May 26, 2015 ($8.75- $7.71= $1.04. $1.04 x 70= $72.80. $72.80 x 6= $436.80). He is owed $369.72 for the six seventy-nine hour weeks he worked during this period ($8.75- $7.97= $.78. $.78 x 79 = $61.62. $61.62 x 6= $369.72).

[8] Tan is owed $788.40 in unpaid overtime compensation for the six weeks when he worked thirty hours of overtime per week ($8.75/ 2= $4.38. $4.38 x 30= $131.40. $131.40 x 6= $788.40). He is owed $1,024.92 for the six weeks when he worked thirty-nine hours of overtime per week ($4.38 x 39= $170.82. $170.82 x 6= $1,024.92).

[9] (4 x $8.75= $35. $35 x 12= $420)

four. (Tr. at 15-16.) Thus, although neither an unpaid minimum wage nor a spread-of-hours claim is viable for this period, I find that Tan is entitled to recover unpaid overtime compensation in the amount of $790.[10] Finally, because the evidence before me reflects that defendants withheld an additional $1,620 in earned wages (see Tr. at 16; Tan Decl. ¶ 9), Tan is also entitled to recover that amount in compensatory damages. See N.Y. LAB. LAW § 198(1-a). In sum, I respectfully recommend that Tan be awarded a total of $5,449.84 in unpaid wages, consisting of (1) $806.52 in unpaid minimum wages, (2) $2,603.32 in overtime compensation, (3) $420 in spread-of-hours premiums, and (4) $1,620 in withheld wages.

  b. Chen

Chen testified that he was employed by defendants as a packaging assistant from February 16, 2015 to August 29, 2015, a period of twenty-eight workweeks. (Tr. at 10; Chen Decl. ¶ 2.) Chen testified that he regularly worked six days per week, Monday through Saturday.[11] (Tr. at 10-11.) Chen further testified that at least four days per week his shift spanned twelve hours, from 9:00 a.m. to 9:00 p.m., and that on the remaining two days his shift

---

[10] For the eleven weeks from May 27 to August 12, 2015, Tan was not properly compensated at the rate of one and one-half times his regular rate of pay for fourteen hours of overtime each week. Accordingly, he is entitled to $770 in unpaid overtime compensation for this period (14 x $5= $70. $70 x 11= $770). As to the additional four days from August 12 through August 15, I assume that Tan worked two thirteen-hour shifts and two nine-hour shifts. This amounts to forty-four total hours and Tan is therefore entitled to an additional $20 in unpaid overtime compensation.

[11] Although Chen testified that he was occasionally required to work on Sundays, he could not recall approximately how many Sundays he worked during his employment, and his declaration states that he "took Sunday off each week." (Tr. at 10-11, 21; Chen Decl. ¶ 3.) Further, as Chen was paid in excess of the minimum wage for the first fifty-four hours, is not entitled to spread-of-hours premiums, and was paid overtime for hours in excess of fifty-four, whether he worked Sundays or not does not alter the damages calculation.

was nine hours, from 9:00 a.m. to 6:00 p.m. (Tr. at 11; Chen Decl. ¶ 3.) This amounts to a sixty-six hour workweek.

Chen was paid $10 an hour for the first fifty-four hours and $15 per hour for the hours he worked in excess of fifty-four. (Tr. at 11-12; Chen Decl. ¶ 5.) Thus, Chen was not properly compensated for fourteen overtime hours per week, but was paid in excess of the minimum wage. Chen further testified that defendants withheld $4,385 in earned wages. (See Tr. at 12; Chen Decl. ¶ 7.) Accordingly, I respectfully recommend that Chen be awarded $6,345 in unpaid wages, consisting of (1) $1,960 in unpaid overtime compensation,[12] and (2) $4,385 in withheld wages.

### c. Xu

Xu testified that he was employed by defendants as an office clerk from January 5, 2015 to August 25, 2015, a period of thirty-three weeks and two workdays. (Tr. at 4; Xu Decl. ¶ 2.) Xu testified that he regularly worked six days per week, Monday to Saturday.[13] (Tr. at 4-6, 21; Xu Decl. ¶ 3.) Finally, Xu testified that at least three times per week he worked a shift spanning ten and one-half hours, from 9:00 a.m. to 7:30 p.m., and that on the remaining three days he worked a nine-hour shift, from 9:00 a.m. to 6:00 p.m. (Tr. at 5; Xu Decl. ¶ 3.) This amounts to 58.5 hours per week.

Xu was paid $14 per hour for the first fifty-four hours worked each week, and $21 per hour for the hours in excess of fifty-hour. (Tr. at 6; Xu Decl. ¶ 5.) He further testified that

---

[12] (14 x $5= $70. $70 x 28= $1,960)

[13] Although Xu testified that there were one or two weeks when he was required to work Sundays, this does not affect the damages calculation because Xu was paid in excess of the minimum wage for the first fifty-four hours, is not entitled to spread-of-hours premiums, and was paid overtime compensation for the hours in excess of fifty-four.

defendants withheld $4,710 in earned wages. (See Tr. at 7; Xu Decl. ¶ 7.) Accordingly, I respectfully recommend that Xu be awarded $7,944 in unpaid wages, consisting of (1) $3,234 in unpaid overtime compensation,[14] and (2) $4,710 in withheld wages.

### 2. Liquidated Damages

Plaintiffs seek a cumulative award of liquidated damages under the FLSA and the NYLL. (See Pls.' Mem. at 10.) Under the FLSA, an employer who underpays an employee is liable "in the amount" of the unpaid wages "and in an additional amount as liquidated damages." 29 U.S.C. § 216(b). The court may exercise its discretion to reduce or decline to award liquidated damages if the employer demonstrates that there was a reasonable good faith basis to believe that the underlying act or omission was not a statutory violation. See 29 U.S.C. § 260. The NYLL similarly provides for recovery of liquidated damages equal to one hundred percent of the total of the unpaid wages found to be due, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. LAB. LAW § 663; id. § 198(1-a).

In a recent summary order, the Second Circuit Court of Appeals found that "whatever reasons existed to award liquidated damages under the relevant provisions of both the FLSA and the NYLL before 2010, we read the subsequent amendments to the NYLL provision, which brought it into substantial conformity with the FLSA provision, as having eliminated those reasons." Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 61 (2d Cir. 2016) (summary order); see also Leon, 2017 WL 1184149, at *9 (discussing Chowdhury and declining to award cumulative liquidated damages under both statutes). The Second Circuit's opinion in Chowdhury aligns with the "emerging trend" in the Eastern District, which declines to award

---

[14] (14 x $7= $98. $98 x 33= $3,234).

double liquidated damages for the same violations. See, e.g., Herrera v. Tri-State Kitchen & Bath, Inc., No. 14 CV 1695, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015); Man Wei Shiu v. New Peking Taste Inc., No. 11 CV 1175, 2014 WL 652355, at *13 (E.D.N.Y. Feb. 19, 2014). Accordingly, in light of the substantial similarity between the two statutory provisions, I respectfully recommend awarding liquidated damages solely under the statute that provides for the higher damages award, here the NYLL. See Leon, 2017 WL 1184149, at *9; Man Wei Shiu, 2014 WL 652355, at *13.

Because defendants are in default, they are unable to prove that they had a good faith basis to believe that their underpayment of wages was in compliance with the law. See N.Y. LAB. LAW § 663; id. § 198(1-a). Accordingly, I respectfully recommend that Tan be awarded $5,449.84 in liquidated damages, that Chen be awarded $6,345 in liquidated damages, and that Xu be awarded $7,944 in liquidated damages.

### 3. Wage Notice and Wage Statement Violation Penalties

Plaintiffs also seek statutory penalties for defendants' violations of the NYLL's wage notice and wage statement provisions. (See Pls.' Mem. at 11-12.) The uncontroverted evidence before me establishes that plaintiffs were never provided with wage notices at the time of hiring containing the information prescribed by NYLL § 195(1). (See Tr. at 7, 12, 17; Tan Decl. ¶ 10; Chen Decl. ¶ 8; Xu Decl. ¶ 8.) NYLL § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." N.Y. LAB. LAW § 198(1-b). Because plaintiffs were employed by defendants for respective periods in excess of one hundred days yet

never received the requisite wage notices, I respectfully recommend that they each be awarded the statutory maximum of $5,000.[15]

Similarly, the uncontroverted evidence before me establishes that defendants never provided plaintiffs with wage statements with every payment of wages in accordance with NYLL § 195(3). (See Tr. at 7, 12, 17; Tan Decl. ¶ 11; Chen Decl. ¶ 9; Xu Decl. ¶ 9.) NYLL § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." N.Y. LAB. LAW § 198(1-d). Because defendants' wage statement violations continued to occur in excess of twenty days, I respectfully recommend that plaintiffs each be awarded the statutory maximum of $5,000.[16]

### 4. Prejudgment Interest

Plaintiffs are also entitled to prejudgment interest under the NYLL. See Fermin, 93 F. Supp. 3d at 48 (E.D.N.Y. 2015) ("In contrast to the FLSA, the NYLL permits the award of

---

[15] Prior to February 27, 2015, section 198(1-b) provided for statutory penalties of fifty dollars for each workweek that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars. See 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1-b). Although Chen and Xu began their employment prior to February 27, 2015, they each worked more than one hundred days after February 27, 2015 without receiving the requisite notice. Because the penalties for defendants' wage notice violations continued to accrue throughout plaintiffs' employment, I find it appropriate to apply the heightened statutory maximum of $5,000. Cf. Changxing Li v. Kai Xiang Dong, No. 15 CV 7554, 2017 WL 892611, at *12 (S.D.N.Y. Mar. 7, 2017), report and recommendation adopted, 2017 WL 1194733 (S.D.N.Y. Mar. 31, 2017).

[16] Prior to February 27, 2015, section 198(1-d) provided for damages of one hundred dollars for each workweek that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars. See 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1-d). Although Chen and Xu began their employment prior to February 27, 2015, defendants' wage statement violations continued to occur throughout plaintiffs' respective employment periods. Thus, I find it appropriate to apply the heightened statutory maximum of $5,000.

both liquidated damages and pre-judgment interest.") "'Prejudgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law.'" Id. at 49 (quoting Mejia v. East Manor USA Inc., No. 10 CV 4313, 2013 WL 3023505, at *8 n.11 (E.D.N.Y. Apr. 19, 2013), report and recommendation adopted, 2013 WL 2152176 (May 17, 2013)) (internal brackets removed).

The statutory rate of interest is nine percent per annum. N.Y. C.P.L.R. § 5004. Where damages were incurred at various times, interest may be calculated from a single reasonable intermediate date. N.Y. C.P.L.R. § 5001(b). The midpoint of a plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. See Jaramillo v. Banana King Rest. Corp., No. 12 CV 5649, 2014 WL 2993450, at *8 (E.D.N.Y. July 2, 2014); Fermin, 93 F. Supp. 3d at 49.

Accordingly, I respectfully recommend that Tan be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $5,449.84 from May 26, 2015 through the date of the entry of judgment; that Chen be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $6,345 from May 25, 2015 through the date on which judgment is entered; and that Xu be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $7,944 from May 2, 2015 through the date on which judgment is entered.

### 5. Post-judgment Interest

Plaintiffs further request an award of post-judgment interest. (See Pls.' Mem. at 5.) 28 U.S.C. § 1961 provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Under the statute, interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant

maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment" 28 U.S.C. § 1961(a). Thus, I respectfully recommend that plaintiffs be awarded statutory post-judgment interest. See Morales v. B&M Gen. Renovation Inc., No. 14 CV 7290, 2016 WL 1266624, at *10 (E.D.N.Y. Mar. 9, 2016), report and recommendation adopted, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016) (awarding post-judgment interest pursuant to 28 U.S.C. § 1961); Fermin, 93 F. Supp. 3d at 53 (finding that post-judgment interest is mandatory).

### 6. Attorney's Fees and Costs

Plaintiffs also seek an award of $8,820 in attorney's fees and $518.25 in costs. (See Pls.' Mem. at 14-16.) The FLSA and the NYLL each provide for the recovery of reasonable attorney's fees and costs. See 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1).

### a. Reasonable Hourly Rate

In calculating a fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). The reasonable hourly rates should be based on rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)). "Courts have broad discretion to assess the reasonableness of each component of a fee award." Jaramillo, 2014 WL 2993450, at *8 (citing Siemieniewicz v. CAZ Contracting Corp., No. 11 CV 704, 2012 WL 5183375, at *15 (E.D.N.Y. Sept. 21, 2012), report and recommendation adopted as modified, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012)).

Plaintiffs request an hourly rate of $350 for attorney Jian Hang. (Pls.' Mem. at 17.) Mr. Hang has practiced law for over ten years and is the principal attorney of the law firm Hang & Associates, PLLC. (See Declaration of Jian Hang, Esq., dated Aug. 26, 2016 ("Hang Decl."), Dkt. No. 18-2, ¶¶ 31, 33.) According to the declaration submitted in support of this fee application, Mr. Hang's practice focuses primarily on employment law, and a significant percentage of his practice is specifically devoted to wage and hour litigation. (See id. ¶¶ 33-36.) Based on my review of fees awarded in similar cases in this district, I find Mr. Hang's requested rate reasonable. See Ferrera v. Tire Shop Ctr., No. 14 CV 4657, 2016 WL 7626576, at *5 (E.D.N.Y. Oct. 14, 2016), report and recommendation adopted, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017) ("Judges in the Eastern District have awarded fees in the range of $300 to $400 per hour for experienced attorneys in FLSA cases."); Cortes v. Warb Corp., No. 14 CV 7562, 2016 WL 1266596, at *6 (E.D.N.Y. Mar. 15, 2016), report and recommendation adopted, 2016 WL 1258484 (E.D.N.Y. Mar. 30, 2016) (awarding managing partner $350 per hour in FLSA default case); Perez v. Queens Boro Yang Cleaner, Inc., No. 14 CV 7310, 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016), report and recommendation adopted, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016) (awarding partner with eighteen years of experience $350 per hour); Jiaren Wei v. Lingtou Zhengs Corp., No. 13 CV 5164, 2015 WL 739943, at *15 (E.D.N.Y. Feb. 20, 2015) (awarding Mr. Hang $350 per hour).

b. Hours

Plaintiffs' fee application is based on 25.2 hours of work performed by Mr. Hang. (See Billing Records, filed Aug. 27, 2016 ("Billing Records"), Dkt. No. 18-13.) A fee applicant bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. See Santillan, 822 F. Supp. 2d at 299; New York State Ass'n for

19

_Retarded Children, Inc. v. Carey_, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Plaintiffs' counsel has complied with this requirement. (See Billing Records.) The court must assess whether the hours expended by plaintiffs' counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation. See _Jaramillo_, 2014 WL 2993450, at *9; _Hensley v. Eckerhart_, 461 U.S. 424, 434 (1983). "Generally, the 'high-end amount of hours spent on [c]ases in a similar procedural posture (i.e. a motion for default judgment immediately following the filing of a complaint) is no more than 55 hours total.'" _Jiaren Wei_, 2015 WL 739943, at *16 (quoting _Maldonado v. La Nueva Rampa, Inc._, No. 10 CV 8195, 2012 WL 1669341, at *14 (S.D.N.Y. May 14, 2012)) (internal marks omitted); see also _Cortes_, 2016 WL 1266596, at *6 (same). Having reviewed Mr. Hang's billing records, I find the 25.2 hours spent on this case reasonable, and I therefore respectfully recommend that plaintiffs be awarded $8,820 in attorney's fees. See, e.g., _Jiaren Wei_, 2015 WL 739943, at *16 (finding 30.6 hours spent by Mr. Hang on FLSA default reasonable).

      c.  Costs

Finally, plaintiffs request $512.25 in costs, consisting of $400 in filing fees and $118.25 in process server fees. (See Hang Decl. ¶ 40; Invoices, filed Aug. 27, 2016, Dkt. No. 18-14.) As plaintiffs' counsel has provided receipts documenting these reasonable costs, I respectfully recommend that they be awarded. See _Cortes_, 2016 WL 1266596, at *6.

CONCLUSION

For the reasons explained below, I respectfully recommend that plaintiffs' motion for default judgment be granted in part and denied in part. With respect to damages, I respectfully recommend that Tan be awarded $20,899.68, consisting of $5,449.84 in unpaid wages, $5,449.84 in liquidated damages, and $10,000 in statutory penalties for defendants' wage

notice and wage statement violations. I also recommend that Tan be awarded prejudgment interest at the statutory rate of nine percent per annum on his unpaid wages of $5,449.84 from May 26, 2015 through the date of the entry of judgment. As for Chen, I respectfully recommend that Chen be awarded $22,690, consisting of $6,345 in unpaid wages, $6,345 in liquidated damages, and $10,000 in statutory penalties for defendants' wage notice and wage statement violations. I further recommend that Chen be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $6,345 from May 25, 2015 through the date on which judgment is entered. As for Xu, I respectfully recommend that Xu be awarded $25,888, consisting of $7,944 in unpaid wages, $7,944 in liquidated damages, and $10,000 in statutory penalties for defendants' wage notice and wage statement violations. I further recommend that Xu be awarded prejudgment interest at the rate of nine percent per annum on his unpaid wages of $7,944 from May 2, 2015 through the date on which judgment is entered. Finally, I respectfully recommend that plaintiffs be jointly awarded $8,820 in attorney's fees, $512.25 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961.

Plaintiff is directed to serve copies of this Report and Recommendation on defendants upon receipt. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Dearie and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
    April 25, 2017